IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BARTOLI, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:23-cv-204 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| DIRECTOR, BOP COLETTE PETERS, | ) | |
| WARDEN MICHAEL UNDERWOOD, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

Before the Court[1] is a Petition for a Writ of Habeas Corpus (ECF 8) filed by federal prisoner Eric Bartoli under 28 U.S.C. § 2241. For the reasons set forth below, the Court will dismiss the Petition for lack of subject-matter jurisdiction.

**I.      Relevant Background**

"From 1995 to 1999, Bartoli conned hundreds of people into investing in his unregistered mutual fund, causing tens of millions of dollars in losses." *United States v. Bartoli*, 2024 WL 4987352, *1 (6th Cir. Dec. 5, 2024). He was indicted on charges of securities, mail and wire fraud. "Bartoli long evaded justice, but authorities eventually arrested him in Peru in December 2013 and extradited him to the United States in October 2015." *Id.*

In July 2016, Bartoli appeared before the United States District Court for the Northern District of Ohio ("trial court") and pleaded guilty pursuant to a plea agreement. The trial court originally sentenced him to 240 months in prison and ordered him to pay more than $42 million in restitution.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Bartoli filed a direct appeal. In 2018, the Sixth Circuit Court of Appeals affirmed the trial court's judgment. *United States v. Bartoli*, 728 F. App'x 424 (6th Cir. 2018).

Bartoli then filed a motion to vacate his sentence under 28 U.S.C. § 2255. He raised several claims, including that his trial counsel was ineffective for failing to identify an ex post facto violation and to argue that his extradition from Peru was illegal. (Resp's Ex. A at 5.) In its response to this motion, the government conceded that aspects of the trial court's original sentence violated the Ex Post Facto Clause. The trial court agreed and, in a January 2021 decision, it granted in part Bartoli's § 2255 motion. (*Id.* at 5-40.) It explained that "[t]he only constitutional violation Bartoli endured was that of the Ex Post Facto Clause when this Court unintentionally, yet improperly, utilized the [wrong] statutory maximum sentence for Count 2, the Securities Fraud Charge, Count 4, the Wire Fraud Charge, and Count 5, the Mail Fraud Charge, at Bartoli's sentencing. Because this is the only portion in the entirety of Bartoli's case before this Court that is blemished, this is the only portion that is vacated." (*Id.* at 39.)

In that same decision, the trial court criticized "Bartoli's attempts to classify every single layer of this case as poisoned[.]" *Id.* The trial court concluded that "neither the facts nor the law support this contention." *Id.* It explained that Bartoli's "indictment, extradition, plea agreement [and] guilty plea" did not "suffer from the taint Bartoli believes they [suffer from]. Bartoli's conviction, unequivocally, stands." (*Id.*)

In 2021, the trial court resentenced Bartoli to the same 240-month prison term. (Resp's Ex. B.) The Sixth Circuit Court of Appeals vacated that sentence and remanded for plenary resentencing because the trial court had exceeded the statutory maximums. *United States v. Bartoli*, 2023 WL 5206446 (6th Cir. Aug. 14, 2023).

2

The trial court resentenced Bartoli in 2023. It applied the correct maximums and imposed a sentence of 10 years for securities fraud, consecutive to five years for wire fraud, consecutive to five years for all other counts. The Sixth Circuit Court of Appeals recently affirmed the trial court's judgment. *United States v. Bartoli*, 2024 WL 4987352 (6th Cir. Dec. 5, 2024).

The Federal Bureau of Prisons houses Bartoli at FCI Loretto, which is located within the territorial boundaries of this Court. In the Petition for a Writ of Habeas Corpus he filed with this Court at this docket number, Bartoli claims that he "has been incarcerated illegally since December 9, 2019." (ECF 8 at 4.) In support, he asserts that he "was subjected to illegal sentences…in 2016 and again at resentencing[,]" in violation of his rights under the Double Jeopardy Clause, the Due Process Clause, and the Eight Amendment's prohibition against cruel and unusual punishment. (*Id.*) As relief, he seeks an order from this Court that orders his immediate release. (*Id.* at 10.)

Respondent have filed the Answer in which they contends that the Court must dismiss the Petition for lack of subject matter jurisdiction. (ECF 15.) Bartoli has filed a Reply. (ECF 24.)

**II.   Discussion**

"Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). A § 2255 motion, which a petitioner must file with the court that sentenced him, "is the presumptive means by which federal prisoners challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) ("[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255."), abrogated on other grounds by *Jones v. Hendrix*, 599 U.S. 465 (2023).

A § 2241 petition must be filed in the district in which the petitioner is confined. *See, e.g., Bruce*, 868 F.3d at 178. In contrast to § 2255, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the *execution of his sentence*." *Cardona*, 681 F.3d at 535; *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (emphasis added) (defining "execution of" the sentence to mean "'put into effect' or 'carry out.'").

Importantly, a federal inmate who seeks to challenge the validity of his conviction or sentence may not—save for one narrow circumstance—file a § 2241 motion in the district of confinement. Section 2255(e) expressly provides:

> An application for a writ of habeas corpus [under § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, *shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

(Emphasis added). The italicized language is known as § 2255(e)'s "savings clause."

Here, Bartoli's claims are challenging the validity of the sentence the trial court imposed, not the way the BOP is carrying out his sentence. Thus, this Court lacks jurisdiction to consider his claims under § 2241. *Voneida v. Johnson*, 88 F.4th 233, 238 (3d Cir. 2023).

The narrow exception to § 2255(e)'s rule barring § 2241 petitions from asserting substantive § 2255 claims is when relief under § 2255 is "inadequate or ineffective to test the legality of [the inmate's] detention"—the so-called "saving clause." 28 U.S.C. § 2255(e). In *Jones v. Hendrix*, 599 U.S. 465 (2023),[2] the Supreme Court described the interplay between § 2255 and

---

[2] "Before *Jones*, whether the saving clause permitted a prisoner to challenge his detention on the grounds that a change in statutory interpretation arguably rendered the conduct underlying his conviction non-criminal was a question of significant debate in the courts of appeals." *Voneida*, 88 F.4th at 237. *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 197), the Third Circuit Court of Appeals held that "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an

§ 2241 and the very limited applicability of § 2255(e)'s "savings clause." It explained that the saving clause applies narrowly "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Id.* at 478. In *Jones*, the Supreme Court provided two examples of an unusual circumstance: where the sentencing court no longer exists after dissolution; or when "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." 599 U.S. at 474 (quoting *United States v. Hayman*, 342 U.S. 205, 215 n.23 (1952)); *see also id.* at 474 n.2 (noting that "this sort of practical inadequacy would be highly unusual today").

Bartoli has not demonstrated any circumstance akin to the examples listed in *Jones*. *See, e.g.*, *Syed v. Warden Loretto FCI*, 2023 WL 8058741, at *1 (3d Cir. Nov. 21, 2023) (per curiam) (the petitioner "has not argued, much less demonstrated, that [the saving's clause] exception applies"). The fact that the trial court or the Sixth Circuit Court of Appeals may have denied some or all of Bartoli's claims, and/or that he may not be able to file a second or successive § 2255 motion, does not render § 2255's remedy inadequate or ineffective. As the Court of Appeals has explained, "[i]t is the inefficacy of the [§ 2255] remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to

---

intervening change in substantive law may negate" could use § 2255(e)'s saving's clause to bring a habeas claim under § 2241.

"*Jones* abrogated *In re Dorsainvil*." *Voneida*, 88 F.4th at 237. It held that § 2255(h)'s limitation on second or successive motions does not make § 2255 "inadequate or ineffective" such that a petitioner asserting a change in statutory law effected after his conviction was final and after his initial § 2255 motion was rejected should be able to proceed with a claim under § 2241. *Jones*, 143 S. Ct. at 1863. The Supreme Court reasoned that § 2255(h) "specifies the two circumstances under which a second or successive collateral attack on a federal sentence" via § 2241 "is available, and those circumstances do not include an intervening change in statutory interpretation." *Id.* at 1876.

meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). *Voneida*, 88 F.4th at 238 (the petitioner's "inability to bring a second or successive motion under § 2255 is of no moment: *Jones* roundly rejected the argument that § 2241 is available 'whenever a prisoner is presently unable to file a § 2255 motion.'")

### III. Conclusion

Based on the above, the Court lacks subject matter jurisdiction under § 2241 to consider Bartoli's claims and the Petition will be dismissed for that reason.[3] An appropriate Order follows.

February 25, 2025                                   /s/ Patricia L. Dodge
                                                              PATRICIA L. DODGE
                                                              UNITED STATES MAGISTRATE JUDGE

---

[3] Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012). The Court therefore makes no certificate of appealability determination in this case.